IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KEVIN J. ICKES, #15159-097, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−2118−JPG |
| UNITED STATES OF AMERICA, HUGH HURWITZ, RANDALL PASS, LESLIE BROOKS, CALEB MEYER, and BAGWELL, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kevin J. Ickes, an inmate who is currently incarcerated in United States Penitentiary Marion, brings this action for deprivations of his rights pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80; the Rehabilitation Act ("RA"), 29 U.S.C. § 701, et seq., and the First, Fifth, and Eighth Amendments by way of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

1

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## The Amended Complaint

Plaintiff originally filed suit on November 26, 2018. (Doc. 1). He was granted leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1) on January 15, 2019. (Doc. 11). The Amended Complaint was filed on January 16, 2019. (Doc. 13).

In his Amended Complaint, Plaintiff makes the following allegations: Plaintiff is incarcerated at the United States Penitentiary in Marion, Illinois. (Doc. 13, p. 3). Plaintiff alleges that he suffered injuries during his military service, which affect his ability to stand for long periods of time and to physically exert himself. *Id*. Since 2007 and prior, Plaintiff had a "no prolonged standing" notation on his medical duty status. (Doc. 13, pp. 4-5). The "no prolonged standing" restriction was mistakenly removed in 2013 and then subsequently re-added to Plaintiff's medical duty status after litigation in 2015. (Doc. 13, pp. 5-7).

On May 1, 2017, Pass removed the "no prolonged standing" restriction. (Doc. 13, p. 7). Plaintiff alleges that this removal happened in retaliation for his 2015 *Bivens* lawsuit. (Doc. 13, pp. 8-11). As a result of the loss of the restriction, Plaintiff is denied meals and commissary on the same basis as other inmates. (Doc. 13, p. 15).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

| | |
|---|---|
| **Count 1:** | The United States, by and through its employees Bagwell, Meyer, Pass, and Brooks directly and/or in conspiracy, negligently caused Plaintiff pain and suffering by failing to give him a "no prolonged standing" accommodation in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80; |
| **Count 2:** | Hugh Hurwitz, in his official capacity as the director of the Federal Bureau of Prisons, deprived Plaintiff of a necessary accommodation for his disability in violation of the Rehabilitation Act, 29 U.S.C. § 794, et seq.; |
| **Count 3:** | Pass was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when he failed to provide Plaintiff with a "no prolonged standing" accommodation; |
| **Count 4:** | Pass, Meyer, Brooks, True, Revell, and Connors discriminated against Plaintiff in violation of the Fifth Amendment's due process clause when they removed his "no prolonged standing" accommodation; and |
| **Count 5** | Pass, Meyer, Brooks, True, Revell, and Connors retaliated against Plaintiff in violation of the First Amendment for filing and pursuing a lawsuit when they removed his "no prolonged standing" accommodation. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1** arises out of the FTCA. This statute allows prisoners to bring suit for injuries sustained due to the negligence of prison officials. *United States v. Muniz*, 374 U.S. 150 (1963); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). The FTCA looks to the elements of state law and applies the law of the state where the "act or omission occurred." 28 U.S.C. § 1346(b)(1); *Richards v. United States*, 369 U.S. 1, 9-10 (1962). Plaintiff alleges that the relevant

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

acts occurred at Marion, a federal penitentiary located in Illinois. In Illinois, a plaintiff bringing a negligence claim must show 1) a duty of care owed by the defendants; 2) a breach of that duty; 3) an injury; and 4) proximate cause. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) *Iseberg v. Gross*, 879 N.E.2d 278 (Ill. 2007).

Here, Plaintiff was in the custody of Defendant United States; custody is the type of "special relationship" that creates a duty of care. *Glade ex. rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). So, the first element is satisfied. Plaintiff also alleges that his underlying medical condition is unchanged and that he continues to need a "no prolonged standing" accommodation. On these facts, the decision to deny him that accommodation could be an act of negligence. Plaintiff further alleges that the failure to provide him with the accommodation has deprived him of the opportunity to participate in daily activities. On these facts, Plaintiff adequately states a FTCA claim against the United States.

Plaintiff also alleges that Bagwell, Meyer, Pass, and Brooks are part of a conspiracy to violate his rights under the FTCA.[2] However, the only proper defendant in an action under the FTCA is the United States of America. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, as Bagwell, Meyer, Pass, and Brooks are not proper defendants under the FTCA, they will be dismissed with prejudice from **Count 1**.

Plaintiff's **Count 2** alleges that Hurwitz violated Plaintiff's rights under the RA. To state a claim under the RA, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the Bureau of Prisons denied him access to a program or activity because of his disability.

---

[2] Plaintiff alleges that the Defendants conspired to retaliate against him, among other things. Although Illinois recognizes the tort of retaliatory discharge, the Court cannot find any cases recognizing a retaliatory tort outside of the employment context. Moreover, the FTCA is not a proper vehicle to bring claims of intentional conduct. *See Green v. Carlson*, 581 F.2d 669, 675 (7th Cir. 1978). Although the Court does not decide this point, it is likely that the FTCA is an improper vehicle for Plaintiff's retaliation claims.

4

*See* 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006); *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004); *Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable accommodations is tantamount to denying access; although the RA does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Serv.,* 465 F.3d at 747; *see also Alexander v. Choate,* 469 U.S. 287, 300–01(1985). Plaintiff must plead facts which plausibly support each element of his claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Arnett*, 658 F.3d at 751–52. Here, Plaintiff alleges that he has a degenerative disc condition that requires an accommodation and that the failure to provide the accommodation is denying him access to meals and other prison programs on the same terms as other inmates. This is adequate to state a claim under the Rehabilitation Act and **Count 2** will proceed.

**Count 3** also survives threshold review. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Plaintiff alleges that Pass knew that he required a "no prolonged standing" accommodation, but despite the lack of improvement in Plaintiff's underlying condition, he removed the accommodation anyway. This is sufficient to state a deliberate indifference claim and **Count 3** will survive threshold review.

Plaintiff's **Counts 4-5** also raise claims pursuant to *Bivens* under the First and Fifth Amendments, respectively. However, the Supreme Court has recently clarified that courts should

5

be cautious about extending *Bivens* into new contexts. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856-57 (U.S. 2017). Moreover, *Ziglar* only cited three instances where a *Bivens* remedy should be recognized: 1) to compensate persons injured by federal officers who violate the Fourth Amendment's prohibition against unreasonable search and seizures; 2) in cases of gender discrimination under the Fifth Amendment Due Process Clause; and 3) to provide a damage remedy for failure to provide adequate medical treatment to prisoners under the Eighth Amendment. *Id*. at 1854-55.

In **Count 4**, Plaintiff seeks to pursue a remedy for alleged violations of the Due Process Clause. The Seventh Circuit has recently declined to find a *Bivens* remedy for a prisoner alleging prison officials violated his Due Process Rights where an administrative remedy was available. *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018). Likewise as to **Count 5**, the Seventh Circuit has suggested in dicta that there is no *Bivens* remedy for First Amendment violations either. *Sebolt v. Samuels*, -- F. App'x --, 2018 WL 4232075 at *2 (7th Cir. Sept. 6, 2018). Accordingly, **Counts 4 and 5** will be dismissed without prejudice for failure to state a claim upon which relief can be granted.[3]

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against the United States of America, Hurwitz, and Pass. **Counts 4 and 5** are **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Pass, Meyer, Brooks, and Bagwell are

---

[3] True, Revel, and Connors would have to be dismissed in any account because Plaintiff has not properly listed them in his case caption as defendants. Federal Rule of Civil Procedure 10. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

**DISMISSED with prejudice** from **Count 1**. Brooks, Meyer, and Bagwell are **DISMISSED without prejudice** from the Complaint. The Clerk of the Court is **DIRECTED** to terminate Brooks, Meyer, and Bagwell as defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

As to **Counts 1-3,** Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants **United States of America, Hurwitz, and Pass.** However, if Plaintiff desires to request the appointment of the United States Marshals to serve process on these Defendants, **IT IS ORDERED** that Plaintiff **SHALL FILE** a Motion for Service of Process at Government Expense, within 28 days of the date of entry of this order (on or before **February 28, 2019**). The Clerk of Court is **DIRECTED** to send Plaintiff a blank form Motion for Service of Process at Government Expense.

If Plaintiff does not timely file a motion for service of process at government expense, it shall be Plaintiff's responsibility to have Defendants United States of America, Hurwitz, and Pass served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4.[4] Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshals, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for each Defendant and shall forward the same to the United States Marshals for service. If Plaintiff does not file a motion for service of process at government expense within 28 days as ordered, the Clerk shall then prepare a summons for each Defendant and shall forward the summonses and sufficient

---

[4] Federal Rule of Civil Procedure 4(m) provides that service on each defendant must be accomplished within 90 days.

copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/31/2019**

s/J. Phil Gilbert
**United States District Judge**

### Notice

After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive

the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.