IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN J. ICKES, #15159-097, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 3:18-CV-02118-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| HUGH HURWITZ, and | ) |
| RANDALL PASS, | ) |
| Defendants. | ) |

**DEFENDANT HURWITZ'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. 33)**

Defendant Hugh Hurwitz, in his official capacity as Acting Director of the Federal Bureau of Prisons ("BOP"), by and through his attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and David J. Pfeffer, Assistant United States Attorney, files this Reply in support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 33). For the reasons stated below, as well as in Defendants' original motion, the Court should dismiss Count 2 without prejudice, as Plaintiff has failed to exhaust his administrative remedies as to his Rehabilitation Act claim.

Pursuant to Local Rule 7.1(c), Defendant represents that this reply is warranted because Plaintiff has raised issues not otherwise addressed in Defendants' original motion, specifically regarding Plaintiff's contention that he exhausted all remedies available under the Rehabilitation Act by attaching various documents to his SF-95.

The administrative procedures available for challenging disability discrimination under the Rehabilitation Act are set forth in 28 C.F.R. § 39.170.  In his Response (Docs. 40 & 42), Plaintiff acknowledges he did not complete that administrative process by sending a complaint alleging discrimination to the DOJ's Director of Equal Employment Opportunity.  He instead claims his attempt to exhaust administrative remedies under the Rehabilitation Act consisted of

1

"mailing everything to the Region, to include his Form 95 FTCA paperwork in one envelope" and that he "filed the exact same copies used in Doc. 1 in the instant case as an attachment to his Form 95 mailing and asked the Regional Director to consider all his claims, not just the tort" (Doc. 40 at 7, 8).  In other words, Plaintiff argues that the BOP employee who received his SF-95 administrative tort claim should have identified an intent by Plaintiff that it doubled as a complaint under the Rehabilitation Act, and forwarded it to the EEO Director.

An SF-95 form, however, is specifically designed to present claims brought under the Federal Tort claims Act (FTCA).  *See* 28 C.F.R. § 14.2(a).  In this case, Defendant acknowledges that Plaintiff submitted an SF-95 to the BOP's North Central Regional Office, with various documents attached, including medical records and his intra-BOP remedy filings. Even though some passages in those documents reference discrimination or the Rehabiliation Act, the SF-95 was not "clearly marked-as-a-Rehabilitation Act claim."  Rather, the SF-95 form is a "Claim for Damage, Injury, or Death" under the FTCA, upon which Plaintiff alleged personal injury (Doc. 1-1 at 4-5).  By all indications, Plaintiff intended for it to be processed as an administrative tort claim under the FTCA, as administrative tort claims are to be delivered to the Regional Office in which the claim occurred.  28 C.F.R. § 543.31(c).  The fact that Plaintiff sent his SF-95 to the North Central Regional Office indicates that he intended it to be processed under the FTCA, not the Rehabilitation Act.  Moreover, any employee in the Regional Office would have understood it to be exactly what it presented to be—a claim alleging tort liability under the FTCA.  Based upon its presentation, no BOP employee could have been reasonably expected to interpret Plaintiff's SF-95 to serve the dual purpose of attempting to exhaust a claim under both the FTCA and the Rehabilitation Act.

This is especially true when claimants are provided an entirely different address to which they should submit Rehabilitation Act claims.  Specifically, 28 C.F.R. § 39.170(d)(4) states

complaints under the Rehabilitation Act "should be sent to the Director for Equal Employment Opportunity, U.S. Department of Justice, 10th and Pennsylvania Avenue, NW., Room 1232, Washington D.C. 20530."  Defendant acknowledges that this provision goes on to state "if any agency official other than the Official receives a complaint, he or she shall forward the complaint to the Official immediately."  However, sending a tort claim on the form designed to present tort claims, and to the very office responsible for processing tort claims, does not suffice to clearly inform the agency of an intention to simultaneously exhaust a Rehabilitation Act claim.

If all plaintiffs were allowed to exhaust their administrative remedies in the manner in which Plaintiff claims to have done in this case, the purposes of exhaustion would not be served. Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  Exhaustion's benefits can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  That cannot happen unless the inmate clearly presents an identifiable claim to the agency.  Sending an SF-95 to the BOP's North Central Regional Office, with the hopes that it is identified and dually processed as both a tort claim and a Rehabilitation Act complaint, unnecessarily invites confusion while placing the burden of interpretation on the receiving official to glean an intent that is not explicitly stated.

On the other hand, Plaintiff could have left nothing open to interpretation by identifying or titling his submission as a Rehabilitation Act complaint on its face, rather than embedding references to such claims amongst various attachments.  As such, Plaintiff's argument appears to be an after-the-fact excuse, concocted in an attempt to save his claim from dismissal.  A reasonable review of the record suggests that his Complaint in this court action was the first time he ever clearly presented a claim under the Rehabilitation Act.  In any event, even if Plaintiff's argument is to be believed, it still does not render the Rehabilitation Act administrative remedy

process "unavailable" to him.  28 C.F.R. § 39.170 provides the procedure for filing an administrative complaint under the Rehabilitation Act.  There is nothing in the record indicating Plaintiff has been prevented from doing so.

Accordingly, Defendant maintains Count 2 should be dismissed without prejudice as Plaintiff has failed to exhaust his administrative remedies as to his Rehabilitation Act claim.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ David J. Pfeffer*
DAVID J. PFEFFER
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois  62208-1344
Phone:  (618) 628-3700
Fax:     (618) 622-3810
E-mail:  david.j.pfeffer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2019, I electronically filed the foregoing **DEFENDANT HURWITZ'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. 33)** with the Clerk of Court using the CM/ECF system and I hereby certify that I mailed, by United States Postal Service, the document to the following non-registered participant:

ADDRESS:   Kevin J. Ickes
           No. 15159-097
           USP MARION
           U.S. PENITENTIARY
           P.O. Box 1000
           Marion, IL  62959

*s/ David J. Pfeffer*