IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN J. ICKES, 15159-097, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-02118-JPG |
| | ) | |
| USA, | ) | |
| HUGH HURWITZ, | ) | |
| and RANDALL PASS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a Motion to Dismiss for Failure to State a Claim as to Count 1 and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Count 2 filed by Defendants USA and Hugh Hurwitz. (Doc. 33). For the reasons set forth below, Defendants' Motion shall be **GRANTED in part** and **DENIED in part**.

## PROCEDURAL HISTORY

On November 26, 2018, Plaintiff Kevin Ickes filed this action for deprivations of his rights pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). He requested declaratory judgment, money damages, and injunctive relief. (*Id.*).

On January 16, 2019, Plaintiff was granted leave to file an Amended Complaint. (Doc. 13). There, Plaintiff alleges that he suffered from injuries during his military service that rendered him unable to stand for prolonged periods of time. (*Id.* at p. 3). A "no prolonged standing" order/restriction was noted in his medical records. (*Id.* at pp. 5-7). The restriction was mistakenly removed in 2013 but added back to his medical status following litigation in 2015.

1

(*Id*.). On May 1, 2017, however, Pass allegedly removed the prolonged standing restriction again in retaliation for Plaintiff's 2015 suit. (*Id*. at pp. 7-11). Plaintiff was subsequently denied meals and commissary on the same basis as other inmates. (*Id*. at p. 15).

Following preliminary review of the Amended Complaint (Doc. 13) under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with the following three claims:

**Count 1:** The United States, by and through its employees directly and/or in conspiracy, negligently caused Plaintiff pain and suffering by failing to give him a "no prolonged standing" accommodation in violation of the FTCA.

**Count 2:** Hugh Hurwitz, in his official capacity as the director of the Federal Bureau of Prisons, deprived Plaintiff of a necessary accommodation for his disability in violation of the Rehabilitation Act.

**Count 3:** Pass was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when he failed to provide Plaintiff with a "no prolonged standing" accommodation.

(*See* Doc. 17, pp. 6-7). The claims survived preliminary review against the United States (Count 1), Hugh Hurwitz (in his official capacity) (Count 2), and Randall Pass (Count 3), respectively. (*Id*.). All other claims and defendants were dismissed. (*Id*.).

In lieu of an Answer, Defendants USA and Hurwitz responded to the Amended Complaint by filing a Motion to Dismiss for Failure to State a Claim as to Count 1 and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Count 2 on May 6, 2019. (*See* Doc. 33). Plaintiff filed *pro se* Responses on June 26 and 27, 2019. (*See* Docs. 40 and 42). Defendants filed a Reply on July 8, 2019 (Doc. 44), and Plaintiff filed a Sur-Reply on July 26, 2019 (Doc. 45). Their pertinent arguments are addressed below.

## LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to

dismiss, Plaintiff need only allege enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Rule 12(d) of the Federal Rules of Civil Procedure ("Rule 12(d)") allows the Court to consider matters outside the pleadings and convert a motion to dismiss to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"). Under Rule 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When considering a motion for summary judgment under Rule 56, the Court must construe all facts and reasonable inferences in favor of the non-moving party, which, in this instance, is the plaintiff. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citation omitted).

## DISCUSSION

**A.     Count 1**

Defendants seek dismissal of the FTCA claim in Count 1 under Rule 12(b)(6). They correctly point out that Plaintiff did not support this claim with the documentation required by 735 ILCS § 5/2-622. (*Id*.). For this reason, they ask the Court to dismiss Count 1 without prejudice for failure to state a claim.

3

Courts considering an FTCA claim look to the tort law of the state where the tortious conduct occurred. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). Plaintiff's claim arises from conduct that occurred in Illinois. Therefore, the Court applies Illinois state law to the claim in Count 1.

Illinois law requires a Plaintiff pursuing a claim of medical negligence to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim, along with a physician's report in support of the affidavit. *See* 735 ILCS § 5/2-622. This requirement applies to malpractice litigation in federal court because § 5/2-622 is a substantive condition of liability. *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). Because the United States is liable under the FTCA to the same extent as a private person, courts apply § 5/2-622 to FTCA claims arising from medical negligence. 28 U.S.C. § 1346(b)(1).

Whether the § 5/2-622 affidavit and report must be submitted along with the Complaint— or at any point prior to summary judgment—is a question the Seventh Circuit Court of Appeals recently answered in the negative. *See Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). (holding that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622."). Plaintiff's FTCA claim in *Young* was dismissed when he failed to attach the proper documentation to his complaint and took no other steps to obtain the affidavit and report in the six months that followed Defendants' motion to dismiss and/or for summary judgment. *Id*. Plaintiff argued that two doctors' recommendations for surgery were enough to satisfy § 5/2-622. *Id*. at 350. This District Court disagreed and granted Defendant's motion to dismiss the complaint or for summary judgment. *Id*.

The Seventh Circuit ultimately affirmed this decision. *Id*. However, the Court clarified that dismissal for failure to provide the documentation described in § 5/2-622 should occur *on summary judgment* and not on a motion to dismiss, reasoning that:

> . . . [a] motion to dismiss asserts that a complaint is defective. A motion for summary judgment asserts that evidence of record would not permit a reasonable jury to find for the non-moving party. A prisoner may have insuperable difficulty obtaining a favorable physician's report before filing a complaint, so if a complaint not accompanied by a § 5/2-622 affidavit is defective, many a prisoner will be unable to litigate a malpractice claim. But if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability.

*Id*. at 351.

In this case, Defendants seek dismissal of Count 1 under Rule 12(b)(6) (*see* Doc. 33, p. 1).[1] It is simply too early in the case to dismiss this claim for failure to produce the proper documentation under § 5/2-622, in light of *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Defendants' Motion to Dismiss for Failure to State a Claim as to Count 1 shall therefore be **DENIED**. (Doc. 33). Consistent with *Young*, Plaintiff must file an affidavit and medical report in compliance with § 5/2-622 on or before the deadline for filing a dipositive motion on the merits. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Defendants may renew their request for dismissal of this claim on summary judgment, if Plaintiff fails to properly do so by then.

Moreover, that portion of Count 1 that was interpreted to include a retaliation claim shall be dismissed with prejudice, pursuant to Plaintiff's clarification that he did not and does not intend to pursue a retaliation claim and withdraws it. (Docs. 40, p. 1; Doc. 41, p. 1; Doc. 42, p. 1; and Doc. 43, p. 1).

---

[1] Although Defendants requested summary judgment pursuant to Rule 56 as an alternative to dismissal of the Rehabilitation Act claim Count 2 pursuant to Rule 12(b)(6), they only requested dismissal of the FTCA claim in Count 1 under Rule 12(b)(6).

**B.     Count 2**

Defendants also seek dismissal of the Rehabilitation Act claim in Count 2 pursuant to Rule 12(b)(6) *or* Rule 56, based on Plaintiff's alleged failure to exhaust his administrative remedies before filing suit. Pursuant to the Prison Litigation Reform Act ("PLRA"), an inmate who wishes to bring suit regarding the conditions of his confinement must first exhaust all available administrative remedies. *See* 42 U.S.C. § 1997(e); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit demands strict compliance with exhaustion requirements. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

For a claim brought by a federal inmate pursuant to the Rehabilitation Act, this process is twofold. It includes exhaustion of the four-step BOP Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19, and exhaustion of the two-step grievance process for disability discrimination claims, 28 C.F.R. § 39.170. Whether Plaintiff exhausted his administrative remedies for Count 2 is complicated by the fact that he must comply with both sets of procedures.

In the Amended Complaint, Plaintiff asserts that he has exhausted his administrative remedies. (Doc. 13, p. 2). Plaintiff explicitly "represents that to the best of his information, knowledge, and belief formed after meaningful inquiry, he has exhausted all remedies against all parties." (*Id.*; Doc. 40, p. 8). In his Response, Plaintiff clarifies that all unexhausted avenues to relief were unavailable to him. (Doc. 40, pp. 8-10). Accordingly, Plaintiff maintains that he should be allowed to proceed with his claim. *Id.*

Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007) (exhaustion is affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints). Courts typically do not grant Rule 12(b)(6) motions on affirmative defenses. The Seventh Circuit has explained that "Rule 12(b)(6) tests

whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). In this case, dismissal under Rule 12(b)(6) for failure to exhaust remedies would not be appropriate at this time. There is nothing on the face of the Amended Complaint to suggest that Plaintiff failed to exhaust his remedies.

An analysis of the merits of this affirmative defense requires this Court to look beyond the face of the Amended Complaint to evidence outside of the pleadings. Although Rule 12(d) permits the Court to consider such evidence as long as it treats the motion as one for summary judgment, the Court is not inclined to do so here. The Court believes that the most prudent course of action at this early stage in the case is to deny the pending Motion to Dismiss or, in the Alternative, for Summary Judgment as to Count 2 and give Defendant(s) an opportunity to answer the Amended Complaint and conduct limited discovery on the issue of exhaustion before deciding whether to renew their request for summary judgment on exhaustion grounds.

## Disposition

**IT IS ORDERED** that Defendants United States of America and Hugh Hurwitz's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 33) is **GRANTED in part and DENIED in part**, as follows:

- Defendant USA's Motion to Dismiss Count 1 (Doc. 33) Pursuant to Rule 12(b)(6) is **DENIED**.

- Defendant USA's Motion to Dismiss the retaliation claim in Count 1 (Doc. 33) with prejudice is **GRANTED**, consistent with Plaintiff's repeated indication that he did/does not intend to pursue said claim (*see* Docs. 40-43 at p. 1).

- Defendant Hurwitz's Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative, Motion for Summary Judgment Under Rule 56 as to Count 2 (Doc. 33) is **DENIED without prejudice**.

**IT IS ORDERED** that Defendant Hurwitz's Motion to Substitute Official Capacity Defendant Pursuant to Rule 25(d) (Doc. 47) is **GRANTED**. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Defendant **KATHLEEN HAWK SAWYER** as the proper official capacity defendant in place of Hugh Hurwitz in connection with **COUNT 2**.

**IT IS ORDERED** that Defendants **USA** and **SAWYER** must answer the Amended Complaint (Doc. 13) on or before March 11, 2020. Defendants are ordered to timely file their Answer and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that if he wishes to proceed with Count 1, Plaintiff must file the affidavit and report required under 735 ILCS § 5/2-622 on or before the deadline for filing dispositive motions on the merits of this claim. Failure to file the necessary documentation will result in dismissal of Count 1 with prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Appoint Counsel (Docs. 41 and 43) are **DENIED** without prejudice. Plaintiff has not demonstrated that he is unable to afford representation in this matter, given the denial of his application for leave to proceed *in forma pauperis,* his prepayment of the full filing fee, and his competent litigation of this matter to date. *See* 28 U.S.C. § 1915(e)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**DATED:** February 26, 2020          s/J. Phil Gilbert
                                                                               **J. PHIL GILBERT**
                                                                               **United States District Judge**